IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MAURICE PEPPERS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN H. ALLEN BEARD, JR., <br><br> Respondent. | Civil Action No.: 21-cv-1881-LKG <br><br> Dated: April 25, 2024 |
| MAURICE PEPPERS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN H. BEARD, <br><br> Respondent. | Civil Action No.: 21-cv-2852-LKG |

**MEMORANDUM OPINION**

The above-captioned cases were consolidated on December 10, 2021, and Respondent was instructed to file a response to the supplemental Petition. A response was filed on March 11, 2022. ECF No. 10.[1] In response to the original Petition and the Supplement, Respondent argues that because Peppers is collaterally challenging his conviction on an issue that has been raised in a direct appeal pending before the United States Court of Appeals for the Third Circuit, Peppers has failed to exhaust his administrative remedies and the Petition should be denied. ECF No. 6 at 1. No hearing is required. *See* Rules 8(a) and 1(b), *Rules Governing Section 2255 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Petition will be dismissed.

---

[1] Citations refer to the docket entries in the lead case, LKG-21-1881.

Peppers challenges his sentence imposed under the Armed Career Criminal Act ("ACCA"), asserting that it exceeds the statutory maximum and violates his right to due process because he does not have three prior convictions for serious drug or violent offenses. ECF No. 1 at 6. Peppers states that he was sentenced to 342 months by the United States District Court for the Middle District of Pennsylvania, which improperly relied upon prior Pennsylvania convictions which do not qualify as predicate offenses. *Id.* Peppers states that his two aggravated assault convictions and his robbery conviction in Pennsylvania are no longer qualifying offenses pursuant to the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021). ECF No. 9 at 7. He asserts that *Borden* removed prior convictions which only required a mens rea of recklessness from the category of violent felonies under the ACCA. ECF No. 1-1 at 3. He seeks review of his Petition under the "savings clause" in 28 U.SC. § 2255 and resentencing without the ACCA enhancements. ECF No. 1 at 7; ECF No. 1-1 at 3.

On October 4, 2001, Peppers was sentenced to 342 months incarceration for felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). ECF No. 6 at 1 (citing *United States v. Peppers*, Case No. 1:00-CR-336 (M.D. Pa. 2001)). Peppers appealed on October 10, 2001, raising the same grounds he raises in the instant Petition. *Id.* The Third Circuit denied his appeal on March 12, 2003, affirming the district court's judgment. *Id.* Peppers filed a motion to vacate under to 28 U.S.C. § 2255 raising the same issue, which was denied on December 6, 2016. *Id.* Peppers appealed to the Third Circuit on December 20, 2016; a matter which Respondent states is still pending. *Id.* at 2; *see also* ECF No. 10. Peppers also filed a motion for compassionate release, which was denied without prejudice so as not to interfere with his appellate proceedings.[2] ECF No. 6 at 2.

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. § 2255. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a).

---

[2] Respondent states that Peppers has a pending renewed motion for compassionate release, for which he was appointed counsel on December 8, 2021. ECF No. 10 at 2. Respondent cites an exhibit which they failed to attach to their response.

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255(e). It provides a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e). The Supreme Court clarified what qualifies as a claim that meets the requirements of the savings clause in *Jones v. Hendrix*, 599 U.S. 465 (2023). Specifically, the Court rejected the notion that the savings clause allows for resort to § 2241 petition as a vehicle to challenge the validity of a conviction in lieu of a § 2255 Motion to Vacate where the "second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *Hendrix*, 599 U.S. at 477. The Court reasoned that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances[3] make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

Further, the Court noted that second or successive Motions to Vacate are limited by § 2255(h) to two conditions: (1) newly discovered evidence that if proven would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable. Because § 2255(h) excluded non-constitutional claims, the Court reasoned that permitting such claims to be raised by § 2241 petitions after the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") "would have merely rerouted them from one remedial vehicle and venue to another." *Id.* at 479. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480.

Peppers' claim regarding the application of the ACCA to his sentence does not meet the requirements of the savings clause as clarified by the Supreme Court in *Hendrix* because it

---

[3] An example of the unusual circumstances requiring recourse to § 2241 is when the sentencing court has been dissolved. *Hendrix*, 599 U.S. at 474 (citing *Witham v. United States*, 355 F.3d 501, 504–505 (6th Cir. 2004) (finding § 2255 inadequate or ineffective after court-martial was dissolved)). Additionally, the Court recognized that a § 2241 petition is appropriate where a "prisoner might wish to argue that he is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Id.* at 475.

neither raises newly discovered evidence nor does it concern a new rule of constitutional law made retroactive. As such, his claim it is not properly brought in a § 2241 petition and therefore the Petition must be dismissed.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or … the final order in a proceeding under section 2255"). A certificate of appealability must be considered in this case because the petition is actually a Motion to Vacate pursuant to 28 U.S.C. § 2255.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Peppers fails to meet this standard and the Court declines to issue a certificate of appealability. Peppers may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

April 25 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge